

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 2997 | DATE | 2/9/2001 |
| CASE TITLE | U.S.A., ex rel., Michael Fleming vs. George E. Detella | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Petitioner's habeas petition [1] is denied. This action is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 14 2001 | |
| | Notified counsel by telephone. | date docketed | 13 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
FEB 1 4 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., MICHAEL FLEMING, | )<br>)<br>) |
| Plaintiff, | ) No. 97 C 2997 |
| v. | )<br>) Judge Joan B. Gottschall |
| GEORGE E. DETELLA, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

State prisoner Michael Fleming has filed a petition for a writ of habeas corpus, alleging four grounds on which his convictions and sentences for aggravated criminal sexual assault, aggravated kidnapping and robbery are constitutionally deficient. The court finds that Fleming has procedurally defaulted as to two of the four grounds by failing to present them as issues of federal law before the state courts. As for the remaining two grounds, the court finds no error by the state courts that would warrant a grant of habeas under 28 U.S.C. §2254. Fleming's petition is denied.

**Background**

On October 2, 1991, Fleming was convicted of aggravated criminal sexual assault, aggravated kidnapping and robbery following a jury trial. The convictions stemmed from the abduction of a woman from a grocery store parking lot and her subsequent rape and robbery. The trial court sentenced Fleming to a sixty-year prison term for the sexual assault and a consecutive fifteen-year term for the aggravated kidnapping. A seven-year term for the robbery

was imposed to run concurrently with the other two sentences.

Fleming appealed his conviction and sentences to the Illinois Appellate Court, raising the following claims: (1) that the trial court improperly admitted evidence of other crimes; (2) that he was denied a fair trial by the admission of certain evidence; (3) that he was denied a fair trial because of improper prosecutorial argument and questioning; and (4) that the seventy-five year prison sentence was excessive and improper. The Illinois Appellate Court affirmed Fleming's conviction on December 20, 1994. His petition for leave to appeal to the Illinois Supreme Court was denied on April 5, 1995.

Fleming then filed a pro se post-conviction petition in state court, also raising four claims: (1) that he was improperly tried on multiple offenses; (2) ineffective assistance of trial counsel; (3) insufficient evidence to convict; and (4) excessive sentence. The circuit court dismissed the petition on October 2, 1995. Fleming appealed the dismissal of the petition. The public defender who represented Fleming on direct appeal filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). In her motion, the public defender claimed that, after reviewing the trial court record, she found no basis for collateral relief.

On November 6, 1996, the Illinois Appellate Court granted the public defender's motion to withdraw and affirmed the circuit court's dismissal of the post-conviction petition. Fleming did not seek leave to appeal to the Illinois Supreme Court.

Through his petition for a writ of habeas corpus, Fleming has raised four claims before this court:

*Claim 1*: Fleming alleges that his rights to equal protection and due process were violated when the trial judge abused his discretion and imposed a seventy-five year prison

sentence.

*Claim 2*: Fleming alleges that his right to a fair trial was violated when the trial court improperly admitted evidence of other crimes during his trial. He further contends that the trial court abused its discretion when it admitted a photograph showing Jewel-Osco grocery bags in his home because the probative value of the evidence was substantially outweighed by prejudice to him.

*Claim 3*: Fleming alleges that prosecutorial misconduct deprived him of his constitutional right to a fair trial. Fleming claims that the prosecutor improperly elicited testimony on cross-examination that every witness identified Fleming in lineups. Fleming alleges that the prosecutor made improper reference to a motion to suppress a witness's identification of Fleming during his argument. Fleming also alleges that the prosecutor made improper remarks during his rebuttal argument.

*Claim 4*: Fleming alleges that he received ineffective assistance of trial and appellate counsel, and that his post-conviction counsel's determination that further appeals were without merit constitutes ineffective assistance of counsel.

**Analysis**

Under 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act, the court may not grant Fleming's habeas petition unless he has "exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The statute requires the state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). This rule "reduces friction between state and federal court systems by avoiding the

3

'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id.* (internal brackets omitted).

To satisfy the "exhaustion" requirement, Fleming must have raised all of his claims during the course of the state proceedings, "presenting each claim fully and fairly to the state courts." <u>Rodriguez v. Scillia</u>, 193 F.3d 913, 916 (7th Cir. 1999) (citing <u>Verdin v. O'Leary</u>, 972 F.2d 1467, 1472 (7th Cir. 1992)). Fair presentment requires Fleming to "give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." <u>Id.</u> For a constitutional claim to be fairly presented, "both the operative facts and the 'controlling legal principles' must be submitted" for the state court's review. <u>Id.</u>

The state courts must have "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Therefore, Fleming is required to seek discretionary review in the Illinois Supreme Court for issues raised on direct appeal and for issues raised in a post-conviction petition that were not presented on direct appeal. *See id*; *see also White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999); *cert. denied,* 120 S. Ct. 1004 (2000); *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 670 (7th Cir. 1990) (stating that while petitioner's claim could not have been raised on direct appeal, he was required to pursue state post-conviction remedies).

Only two of Fleming's four claims are properly presented to this court in his habeas petition: Claim 2 (evidence of other crimes improperly admitted) and Claim 3 (prosecutorial misconduct). The other two claims are procedurally defaulted.

4

On direct appeal, Fleming framed the excessive sentence issue (Claim 1) as a matter of state law. He argued that the trial court abused its discretion, and that the appellate court should reduce the sentence pursuant to its power under Illinois Supreme Court Rule 615(b)(4). Fleming cited only state law as support for his argument, and made no references to federal law. Fleming did not rely on any pertinent federal cases employing constitutional analysis, rely on any state cases applying a constitutional analysis to a similar factual situation, assert the claim in terms that would call to mind a specific constitutional right or allege any patter of facts that is well within the mainstream of constitutional litigation. *See Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992). When a petitioner fails to meet any of these conditions, "the court will not consider the state courts to have had a fair opportunity to consider the claim." *Id.*

Fleming also raised the excessive sentence claim in his post-conviction petition, but again he presented it solely as an issue of state law. Further, even if he had presented the federal component of his claim in his post-conviction petition, his failure to seek leave to appeal the petition's denial in the Illinois Supreme Court creates another ground for procedural default. A petitioner is required to seek discretionary review in the Illinois Supreme Court on post-conviction appeal if the issues raised in that petition were not raised on direct appeal. *See White*, 192 F.3d at 608. In any event, Fleming never gave the state courts an opportunity to address the constitutional aspects of his excessive sentence claim. Accordingly, Claim 1 is procedurally defaulted.

As for Claim 4, Fleming first raised the charge of ineffective assistance of trial counsel in his post-conviction petition. The petition was dismissed by the circuit court, and the appellate court affirmed the dismissal. Because Fleming's failure to seek leave to appeal to the Illinois

5

Supreme Court prevented one full round of state court review, his ineffective assistance of trial counsel claim is procedurally defaulted. *See id.* The claim for ineffective assistance of appellate counsel set forth in Claim 4 is also prcedurally defaulted because it was never presented to a state court. To the extent that Claim 4 purports to state an ineffective assistance claim stemming from Fleming's post-conviction counsel's decision to withdraw, it fails. There is no constitutional right to counsel during post-conviction proceedings. *See Finley*, 481 U.S. at 555.

The court may review Fleming's defaulted claims only if his habeas petition "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." *Rodriguez*, 193 F.3d at 917 (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). If the petitioner cannot show cause and prejudice, this court may review the defaulted claims "only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). Fleming must show that "it is more likely than not that no reasonable juror would have convicted him." *Id.*

Fleming does not allege any cause for procedurally defaulting on Claims 1 and 4. The only allegations that remotely resemble an attempt to show cause are contained in Claim 4 and center around his post-conviction counsel's withdrawal from his case. Fleming contends only that his counsel "should not seek to withdraw from a case because of counsel's determination that the appeal lack[s] merit." (Habeas Pet. at 7) Errors by an attorney are not cause for a procedural default unless the errors constitute ineffective assistance of counsel. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) ("In order for an appellate attorney's alleged ineffectiveness to qualify as cause to

justify procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding.") (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's decision to withdraw from the appeal of the post-conviction petitioner's denial cannot give rise to an ineffective assistance claim because, as noted above, there is no constitutional right to counsel during post-conviction proceedings. *See Finley*, 481 U.S. at 555. Fleming cannot show cause for the default of Claims 1 and 4.

Fleming is therefore precluded from raising these claims unless he establishes that it is more likely than not that no reasonable trier of fact would have convicted him absent the alleged constitutional violations. Fleming's excessive sentence claim does not bear on his guilt or innocence. The only factual basis for the ineffective assistance claim identified by Fleming is his counsel's withdrawal from his post-conviction appeal. This is not even a meritorious claim, much less one that suggests the conviction of an innocent man. Because Fleming cannot meet the "miscarriage of justice" standard, this court is precluded from reviewing Claims 1 and 4.

Claims 2 and 3 presented in Fleming's habeas petition are not procedurally defaulted and may be reviewed by this court. Both Claim 2 (evidence of other crimes improperly admitted at trial), and Claim 3 (prosecutorial misconduct) were subject to one full round of state court review. They were raised on direct appeal, and Fleming sought leave to appeal the appellate court's decision to the Illinois Supreme Court.

The fact that the claims may be reviewed by this court does not mean that the review will be *de novo*. As long as the Illinois Appellate Court applied the proper constitutional analysis to Fleming's claims, this court will leave any reasonable determination reached by that court undisturbed. In *Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996), *rev'd on other grounds*, 521

U.S. 320 (1997) the Seventh Circuit held that the amended §2254 does not authorize the issuance of a habeas writ whenever a court errs. While the federal courts must make sure that state courts obey the legal principles set forth by the United States Supreme Court, "when the dispute lies not in the meaning of the Constitution, but in its application to a particular set of facts...sec. 2254(d)(1) restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law." *Id.* Therefore, unless the judgment in place is based on some error so grave as to be 'unreasonable,' the federal courts will not intervene. *Id.* If, however, after weighing carefully the reasons underlying a state court's judgment, the federal court "is convinced that a prisoner's custody violates the Constitution, that independent judgment should prevail." *Williams v. Taylor*, 120 S.Ct. 1495, 1511 (2000).

Claims 2 of Fleming's habeas petition alleges that evidence of other crimes was improperly admitted at trial, and that the trial court abused its discretion by admitting certain photographic evidence that was more prejudicial than probative. Fleming asserts that these alleged errors deprived him of his due process right to a fair trial.

State evidentiary rulings should rarely be the basis for granting habeas relief. *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir. 1982). Under §2254, federal review of state evidentiary rulings is limited to situations where the alleged error results in the denial of a specific constitutional right or is of a magnitude that results in the denial of fundamental fairness. *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir. 1976). Fleming must show more than mere prejudice to sustain his allegations that the admission of this evidence violated his general right to a fair trial. Fleming must establish that the prejudice gives rise to the likelihood that an innocent person was convicted. *See Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir. 1992)

8

(requiring a showing of "severely prejudicial harm"); *Cramer*, 683 F.2d at 1385 (requiring error to be "material in the sense of a crucial, critical, highly significant factor").

In affirming Fleming's conviction, the Illinois Appellate Court observed that the "admissibility of evidence is within the sound discretion of the circuit court and will not be overturned absent an abuse of discretion." (Exh. B to Resp.'s Answer at 5) The appellate court ruled that the probative value of the admitted evidence outweighed any possible prejudice to Fleming, finding that the similarities between the crime charged and the previous crime went toward proof of Fleming's modus operandi. The two crimes took place in the same Jewel parking lot early in the evening, within one week of each other. (*Id.* at 6) Fleming approached both women on the same pretense; that something was amiss with their just-purchased groceries. (*Id.*) He gained access to both women's automobiles by force, beat them and robbed them. (*Id.*) Fleming was identified as the attacker in both incidents. (*Id.*) The appellate court noted that the previous crime did not culminate in rape, but found that the similarities were sufficient to support the introduction of the other-crimes evidence. (*Id.*) Fleming has not suggested - nor does this court discern - how the Illinois Appellate Court's ruling is unreasonable, nor how it conflicts with United States Supreme Court precedent. The ruling will not be disturbed.

Fleming next contends that the admission of a photograph showing Jewel grocery bags on the kitchen table of the house where he was arrested prejudiced him to such a degree that it violated his right to a fair trial. The appellate court addressed this claim as well, finding that the photograph served as further proof of Fleming's modus operandi of approaching victims in the Jewel parking lot and robbing them of their valuables and groceries. (*Id.* at 6-7) Further, the appellate court noted that even if the photograph had "overpersuaded the jury," any error was

harmless because the "evidence of defendant's guilt in the crimes committed...was overwhelming." (*Id.* at 7) Again, the court does not find this reasoning to be misguided in any way, much less unreasonable within the meaning of §2254.

The Illinois Appellate Court's opinion is careful. It states the holdings of the relevant cases and does not run afoul of any clearly established evidentiary principles. Under *Lindh*, to second-guess the state court's holding would be inappropriate because "[b]y restricting in the new §2254(d)(1) the scope of extraordinary relief provided by the writ of habeas corpus, Congress has instructed the inferior federal court to refrain from this sort of find tuning." *Lindh*, 96 F.3d at 877. The Illinois Appellate Court's findings on Fleming's evidentiary claims will not be disturbed. Claim 2 is denied.

In Claim 3 of his habeas petition, Fleming contends that he was denied a fair trial by improper prosecutorial argument and misconduct. Fleming makes three allegations: first, that the prosecutor made improper remarks during rebuttal arguments; second, that the prosecutor elicited improper testimony on cross-examination; and third, that the prosecutor made an improper reference to a motion to suppress within the hearing of the jury.

In order for his prosecutorial misconduct claim to succeed, Fleming "must demonstrate that 'the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Rodriguez v. Peters*, 63 F.3d 546, 558 (7th Cir. 1995) (quoting *United States v. Reed*, 2 F.3d 1441, 1450 (7th Cir. 1993)). The court considers five factors when weighing the prejudicial nature of a prosecutor's comments: (1) the nature and seriousness of the prosecutorial misconduct; (2) whether the prosecutor's statements were invited by the conduct of the defense counsel; (3) whether the trial court instructions to the jury were

10

adequate; (4) whether the defense was able to counter the improper arguments through rebuttal; and (5) the weight of the evidence against the defendant. *Id.*

During the closing rebuttal, the prosecutor made reference to Fleming's "other offenses." (Exh.B to Resp.'s Answer at 7) The appellate court found that these remarks arose from "the evidence presented in the case," and that any error was "clearly harmless." (*Id.*) The appellate court noted that the prosecutor informed the jury that the evidence of Fleming's other crimes was only offered for the express purpose of aiding in identification. Further, the remaining evidence against Fleming was "overwhelming." (*Id.*) As the appellate court stated, a prosecutor's improper argument is grounds for reversal "only if those remarks constitute a material factor in a defendant's conviction." (*Id.*) The court has reviewed the record in this case, and finds that the state court's ruling was entirely reasonable under §2254.

Fleming argues that his right to a fair trial was denied when the prosecutor elcited testimony from a detective that Fleming was identified by every witness who viewed him in a lineup. On direct appeal, Fleming argued that this violated his right to confront the witnesses against him because three of the lineup witnesses did not testify at trial. (*Id.* at 7-8) The appellate court rejected the claim:

> Initially, we note that defendant has waived this issue by failing to object at trial and failing to raise the issue in a post-trial motion.... Further, we do not find that this alleged error was sufficiently egregious to require application of the plain error exception to the waiver rule. Also, defense counsel elicited testimony that nine people had viewed the lineup. Since this line of inquiry was opened by the defense, we cannot say that defendant was denied his constitutional rights when the prosecution brought out the results of the identification procedures.

(*Id.* at 8)

The court cannot address this aspect of Fleming's prosecutorial misconduct claim. "In

11

habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition" *Coleman*, 501 U.S. at 735. A predicate to requiring a clear and express statement by the state court is that the state court's decision "must fairly appear to rest primarily on federal law or to be interwoven with federal law." *Id.* Given its holding that Fleming "has waived this issue," and its rejection of the plain error exception, it appears that the appellate court rejected the claim based on an independent and adequate state law ground. It is unclear whether the court's brief reference to the claim's merits was made pursuant to the plain error analysis or was an alternative ground for the holding. In either case, the procedural bar stands. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *Neal v. Gramley*, 99 F.3d 841, 844 (7th Cir. 1996) ("To decide whether an error is plain requires consideration of the merits - but only so far as may be required to determine that issue. It does not open up the merits any wider for consideration by the federal court.").

Accordingly, this aspect of Fleming's prosecutorial misconduct claim is procedurally barred. Fleming has made no showing of cause and prejudice, and he cannot establish that the prosecution's questions on cross-examination probably resulted in the conviction of one who is actually innocent. As the Illinois Appellate Court recognized, "the evidence against defendant was overwhelming." (Exh. B at 7)

Finally, Fleming contends that his right to a fair trial was denied when the prosecutor

informed the jury that the defendant had presented and the court had ruled on a motion to suppress identification of the defendant. (*Id.*) The prosecutor made reference to this motion during a cross-examination. (*Id.*) The defense objected and moved for a mistrial, but the trial court denied the motion. (*Id.* at 8-9) The appellate court stated in its order affirming Fleming's conviction that "the scope of cross-examination is within the circuit court's discretion and such determination will not be reversed unless the absue of discretion prejudiced the defendant." (*Id.* at 8) (citing *People v. Wadley*, 523 N.E.2d 1249 (Ill. App. Ct. 1988))[1] While the appellate court did acknowledge that the prosecutor may have erred, it ruled that any error was harmless and the trial court's refusal to declare a mistrial would not be reversed. Fleming has not indicated how the appellate court's ruling conflicts with United States Supreme Court precedent or is otherwise unreasonable. Isolated errors by the prosecutor do not necessarily rise to the level of prosecutorial misconduct, and the appellate court's application of that principle to these circumstances appears entirely reasonable.

---

[1] Because this court had concern about why testimony about the unsuccessful motion to suppress should have come into the criminal trial, it has carefully reviewed the trial transcript. Defense counsel cross-examined extensively on what had occurred at the suppression hearing-- which he referred to in general terms as a prior hearing--in order to cast doubt on the witnesses' in-court identification of the defendant. Apparently because no one had moved *in limine* to limit the manner in which the suppression hearing could be referred to, the prosecutor, pursuing the line of inquiry opened by defense counsel, referred to the prior hearing as a suppression hearing. The reference was very brief and did not suggest that the motion had been ruled on, let alone denied. This court views it as extremely unlikely that the mere mention of the fact that the witnesses had previously been in court in connection with a motion to suppress identification would signify to a lay jury that the motion had been denied or, indeed, what the substance of the motion was. This court fully agrees with the trial judge that the reference was unlikely to have caused any prejudice to petitioner.

13

## Conclusion

For these reasons, Fleming's petition for a writ of habeas corpus is denied and this action is dismissed.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: February 9, 2001